HOUGAN v. THE MILWAUKEE AND ST. PAUL RAILWAY COMPANY.

Railroad: EASEMENTS CONNECTED WITH RIGHT OF WAY. The grantee of "the right of way over and through the land for all purposes connected with the construction, use and occupation of its railway," has the legal right to dig a well upon such right of way, and to use the water supplied by percolation for railway purposes, although such use may materially diminish the supply of water in a spring upon the grantor's land.

*Appeal from Winneshiek District Court.*

MONDAY, DECEMBER 18.

ACTION to enjoin from further causing a diminished flow of water in plaintiff's spring, alleged to have been effected by the defendant in digging a well on its right of way, and in pumping water therefrom for the use of its engines. The cause was tried to the court without a jury. The court rendered judgment for the defendant; but no facts were found or conclusions of law stated. The plaintiff appeals.

*Willett & Bennett* for the appellant.

*Noble, Hatch & Frese* and *T. Updegraff* for the appellee.

COLE, J. — The testimony tended to establish that the plaintiff is the owner of eighty acres of land through which the line of railway now owned and operated by the defendant runs; that the defendant acquired its title to the railway, its property, franchise, etc., by conveyance from the McGregor Western Railway Company, which latter company acquired the right of way, etc., through the plaintiff's land, by a deed from the plaintiff which conveyed "for all purposes connected with the construction, use and occupation of said railway, the right of way over and through" the land in controversy; upon the land were two springs, from one of which the defendant had acquired the right, by conveyances from plaintiff through others down to the defendant, to lay pipes and take water for the use of engines, etc.; this the defendant had unsuccessfully endeavored to do, and in the effort to make available the labor and expense incurred to do that, the defendant dug the well in controversy, on its right of way, near the reservoir and stationary engine constructed for the purpose of taking the water from said first spring; the effect of digging this well was to materially diminish, and at times nearly exhaust the supply of water in the other spring of plaintiff's, situated about one hundred and sixty feet from the well; the water comes into the well in three small streams on one side of it; the defendant dug the well in good faith, and without any intention or belief that it would interfere with the plaintiff's spring; the water is necessary for and is applied to purposes connected with the use of the defendant's railroad.

The court must have found from the evidence, as a matter of fact, that the well was supplied with water finding its way thereto by percolation and not by a subterranean stream. No other finding would have any support in the evidence. This being so, and in the absence of malice or wantonness, the rule is well settled that the owner in fee may, in the reasonable use of his land, obstruct or divert

the flow of such water, even to the injury of his neighbor's land without being liable in damages therefor — *damnum absque injuria;* a rightful use of his own property, which he may enjoy, although thereby he may prevent his neighbor from having as full a benefit as otherwise might flow to him. Angell on Water-courses, and authorities cited in the notes, 2 Am. Law Reg. (N. S.) 65, and cases referred to. *Swett* v. *Cutts,* 11 Am. Law Reg. (N. S.) 11, January, 1872, *A. M. Hawk's case,* and note thereto by Judge Redfield. There seems to be now no controversy as to the correctness of the rule as above stated.

But the defendant in this case is not the absolute and unqualified owner, or owner in fee of the land whereon the well was dug. The defendant, however, is owner, by grant from plaintiff, of "the right of way over and through the land *for all purposes connected with the construction, use and occupation* of its railway." We have not been referred to, nor have we been able to find any case deciding this question. Upon principle it is very close; and yet we find ourselves agreed in holding with the learned judge who decided the cause below, that under the terms of the conveyance and the facts of the case, the defendant had the legal right to dig the well, and cannot be enjoined from using the water therefrom for railway purposes.

It must be remembered that if the defendant can be enjoined from digging this well and using water therefrom, it can be enjoined from digging any well on its right of way. For, as we have seen by the rule above stated, if the right to dig the well exists, no damages can be recovered because of the diversion of the water from another. In other words, the fact of diverting or obstructing percolating water, constitutes no basis of right in, or ground for an action by another. The cause of action arises from the wrongful act of digging the well, and not from the consequences which flow from it. For, if the right to dig the well exists, these latter are *damnum absque injuria.* Now,

that the digging of wells to supply water to its engines is one of the " purposes connected with the use of a railway," can scarcely admit of a doubt.  The right to locate a water tank upon its right of way cannot be more clear than the right to dig a well to supply it; both are equally necessary to operate the road, and are fairly embraced in the phrase, " all purposes connected with the construction, use and occupation of the railway."

But, it may be suggested, that, if the defendant may dig for and obtain water on its right of way to use in operating its road, then it may dig for and obtain coal on its right of way, to use also for the same purpose.  We would not now affirm this, and yet the distinction is by no means broad.  There is this difference, however, the use of water does not consume it; the use of coal does.  Nature promptly fills the vacuum caused by using the former, but of the latter, never.  The one may be kept for future use where nature deposited it or the ages made it; while the other is only for present use and cannot be held for posterity.

Affirmed.