Fuller v. Sweet.

# Edward P. Fuller and another v. Martin L. Sweet.

*Tenants in common: Agreement to pay rent: ¯Lease: Tenancy at will: Notice.* An arrangement by parol between the owner of an undivided half of premises of which he is in possession as a tenant in common, and another, for the letting by the latter to the former of an undivided fourth of said premises at a specified rental per annum, payable quarterly in advance, without specifying any period of time, if it can be likened at all to an ordinary lease and be governed by its analogies, is at most but a lease at will in its origin, and becomes after the lapse of a year no more than a lease from year to year, subject to be ended by the will of either party upon notice to the other.

*Tenancy at will: Refusal to pay rent: Disclaimer:' Notice.* A refusal to pay further rent under such an arrangement, and a disclaimer of tenancy, is sufficient to serve the purposes of a notice to terminate the tenancy.

*Landlord and tenant: Asserting adverse title: Estoppel: Possession.* The only foundation for holding a lessee estopped from asserting a title adverse to his landlord, in the absence of indentures, arises from possession given, whereby an advantage is derived by the tenant from the act of the landlord.

*Promise to pay rent: Title: Consideration.* A parol promise by one in possession, to pay rent to one out of possession and who has no title, is void for want of consideration.

*Tenants in common: Promise to pay rent: Title: Implied contract.* Whether proof of title of an undivided interest in the lessor during and outlasting the period of tenancy, where the lessee was in possession as tenant in common owning a different undivided interest before his promise to pay rent, could be made the basis of an implied contract to pay rent after the expiration of the period of tenancy:—*Quære ?*

*Landlord and tenant: Possession: Title: Estoppel.* Where the tenant has not received possession from the party who claims rent, it is competent to authorize the claimant's title to be investigated, unless there is some other ground of estoppel.

*Possession: Implied grant.* There can be no implied grant of possession by a party who could not have put the tenant out of possession if he had refused to make an arrangement.

*Landlord and tenant: Attornment to a stranger: Tenants in common: Promise to pay rent: Consideration: Title.* A tenant in possession under one title can make no valid attornment to any one not in privity with that title; and one in possession as tenant in common, in privity and full recognition of the title of the undivided interest not owned by himself, as belonging to some one else, is bound to account to the latter; and a promise to pay rent to another, made by such tenant in possession on the assumption that said promisee had such outstanding interest, cannot be enforced without proof that he held such title; for if he had no title the attornment would be void and the promise without consideration.

*Burden of proof : Tenants in common: Possession.* In an action upon such promise, it appearing that the defendant was in possession, claiming and admitting his responsibility as a tenant in common, since a period prior to the making of the promise, the burden is on the plaintiff of showing that defendant's possession was in privity with himself or his predecessors in the title.

*Submitted on briefs July 23. Decided October 7.*

Error to Kent Circuit.

*Hughes, O'Brien & Smiley,* for plaintiffs in error.

*Norris, Blair & Kingsley,* for defendant in error.

CAMPBELL, J.

Plaintiffs, who are executors of Charles H. Carroll, deceased, sued defendant for the use and occupation of the undivided one-fourth of certain mill premises in Grand Rapids, from July 1, 1867, to the commencement of suit in the spring of 1872.

The important facts bearing on the legal questions at issue are as follows: Defendant in 1846 bought one undivided half of the property from one Richmond, and entered upon it, claiming that interest as a tenant in common. In 1856, on the first day of July, defendant, not knowing whether the other half belonged to Daniel Ball, or to Ball and Carroll equally, received and accepted a parol proposal from Carroll (then claiming as owner of that quarter interest), to lease the undivided fourth to defendant for two hundred dollars a year, quarterly in advance, no period being fixed, and it being understood that the lease was to remain in parol. Defendant paid rent to Carroll until his death in 1865. He thereafter paid rent to plaintiffs up to July 1, 1867. In the fall of 1867 he refused to pay any further rent, and disclaimed tenancy under plaintiffs, and claimed to own the premises himself. He had purchased the remaining half not originally owned by him, in 1863 or 1864, believing that he was obtaining a good title, and he held in good faith. After the disclaimer, he sold out the whole title in December, 1867, to one Armitage, and gave up possession to him. Since the disclaimer no demand has been made, either of rent or possession. There is no finding that Carroll had any title.

The court below held defendant liable as a tenant from year to year until the end of the year during which he disclaimed, and up to July, 1868, but refused any further recovery against him. Plaintiffs bring error, claiming

to recover for the period thereafter, upon the ground that there was no surrender of possession, or termination of the tenancy.

The claim of plaintiffs in error is based upon the alleged existence of such an estoppel as would prevent the defendant from setting up any title in himself, or in any one adverse to Carroll's estate, until the lease is ended in some sufficient way, and Carroll's representatives reïnstated in the possession.

The plaintiffs' points are left in a very indefinite shape, and we have had some difficulty in finding upon what precise ground they wished to stand. No decision has been found which does not differ very greatly in its facts from the present case. We have found none upon which, as it seems to us, there is any support for a more liberal recovery than was granted in the circuit court.

Assuming (what, for reasons to be alluded to presently, is a broad assumption) that the arrangement between Carroll and Sweet in 1856 can be likened to an ordinary lease, and be governed by its analogies, it was a lease at will in its origin, and became, at best, no more than a lease from year to year, subject to be ended by the will of either party. The notice which Sweet gave to the plaintiffs was from seven to eight months before the end of the year. That such a notice and disclaimer is sufficient to serve the purposes of a notice to quit, and terminate the term, is settled in *Doe d. Price v. Price, 9 Bing., 356; Doe d. Graves v. Wells, 10 A. & E., 427.* And it was held in *Accidental Death Insurance Co. v. Mackenzie, 10 C. B., N. S., 870,* that a party might set up his own title at the expiration of his term, without restoring possession, upon the plain and sensible ground that it would be idle to compel a party to go out of possession, when he could turn round and recover it back upon the title, and hold the person to whom he had restored it as a wrongful occupant. In *Page v. Kinsman, 43 N. H., 328,* the same principle was asserted, and while the tenant was held

estopped during the term, the estoppel was held not to outlast it.

The present case, however, differs very materially from ordinary tenancies, and whether those cases would be universally correct or not, is of no great importance.

The only foundations for estoppels against lessees, that we have found any support for, arise either out of indentures, whereby there is a mutual estoppel under seal, or from possession given, whereby an advantage is derived by the tenant from the act of the landlord, which is peculiar, and which stands in law on a different footing from most other acts.

Where a person in possession agrees by parol to pay money to a person out of possession, and who has no title, it is impossible to find any sensible ground for sustaining such a promise which would not sustain any other promise made without consideration. Where there is an indenture, there is, at common law, a presumed consideration. Where there is possession given, there is an actual consideration, which may render it also reasonable enough, under ordinary circumstances, to require the landlord to be put back *in statu quo*. But a person who never had or gave up possession to the tenant, is left *in statu quo* by the tenant's remaining in possession, and in reason should have no further claim. If he has, it must be by some peculiar and anomalous rule, for which we have found no support. Such a relation, if valid at all, must rest on a valid contract, and the only consideration for the contract would be proof of title, not covering merely the period of tenancy, but outlasting it. When that is proved, a right to possession is proved with it, and a further holding by the tenant would be wrongful, and subject him to eviction. But whether it could be made the basis of an implied contract to pay rent any longer, is a different question, which does not arise in this case, as there is no such proof.

Accordingly it has been regarded as competent in all cases where the tenant has not received possession from

the party who claims rent, to authorize the claimant's title to be investigated, unless there is some other ground of estoppel.—*Gregory v. Doidge, 3 Bing., 474; Rogers v. Pitcher, 6 Taunt., 202; Hopcraft v. Keys, 9 Bing., 613; Doe d. Plevin v. Brown, 7 A. & E., 447; Gravenor v. Woodhouse, 1 Bing., 38; Fenner v. Duplock, 2 Bing., 10; Cornish v. Searell, 8 B. & C., 471; Claridge v. Mackenzie, 4 M. & G., 143; Mountnoy v. Collier, 1 E. & B., 630; Cripps v. Blank, 9 D. & R., 480; Hall v. Butler, 10 A. & E., 204.* In these cases the rule is recognized, and in most of them adjudicated.

In *Cornish v. Searell* the case was put upon its true ground, as an attempt to enforce an agreement without consideration. And in *Claridge v. Mackenzie,* it was said there could be no implied grant of possession by a party who could not have put the tenant out of possession if he had refused to make an arrangement.

The case before us involves some further points, bearing directly on the effect of the failure of the plaintiffs to prove title. It is very well settled that where a tenant is in under one title, no attornment is valid which is made to any one not in privity with that title. The same principle invoked by plaintiffs to estop the defendant from denying the title under which he was possessed, will prevent him from changing possession by any acknowledgment to a stranger not deriving title from the same source with that of the original landlord, and that derivative title must be shown in order to validate the attornment, and save the tenant and all claiming through him during the tenancy from liability to the first landlord.—*Rogers v. Pitcher, 6 Taunt., 202; Williams v. Bartholomew, 1 B. & P., 326; Doe d. Plevin v. Brown, 7 A. & E., 447; Cornish v. Searell, 8 B. & C., 471.*

That question arose and was decided in this state in *Byrne v. Beeson, 1 Doug., 179,* where an attornment to a stranger was held void as against public policy.

When defendant made his arrangement with Carroll, he was in possession in privity and full recognition of the title of the remaining undivided half not owned by himself, as belonging to his co-tenant, whoever that co-tenant was. He was bound under the statutes to account to him, either absolutely or on demand.—*C. L.*, § *4308*. There had been no ouster made or attempted, and the arrangement with Carroll was made on the assumption that he had succeeded to one half of the Ball title. Defendant having taken and retained possession in this way, and never having sought to change it, there can be no foundation for the attornment to Carroll, without evidence that he held that title, and therefore no consideration for the promise to pay rent to him. Under such circumstances Carroll could stand in no better position than defendant. The finding that defendant had been in possession, claiming and admitting his responsibility as a tenant in common since 1846, threw upon plaintiffs the burden of showing that his possession was in privity with them or their predecessors in the title.

This not appearing, there could be no ground of recovery; and the other questions presented become immaterial. Upon the finding there is no error to the prejudice of the plaintiffs, and the judgment must be affirmed, with costs.

The other Justices concurred.