MICHIGAN CENTRAL RAILROAD CO. *v.* BULLARD.

1. RAILROAD COMPANIES—LEASE OF RIGHT OF WAY—VALIDITY.
   A lease by a railroad company to a manufacturing company of a portion of its right of way, subject to termination on 60 days' notice, made with a view to affording facilities for furnishing freight to the company, is valid.

2. LANDLORD AND TENANT—TITLE—ESTOPPEL—MISTAKE OF FACT.
   Where one in possession of land, the title to which is in himself, accepts, under a mistake of fact, a lease thereof, not under seal, from one not in possession, he is not estopped thereby from showing the facts in contravention of the lessor's claim of title.

3. SAME.
   A person in possession conveyed property, and the vendee accepted a lease, not under seal, from one not in possession. The property, with the outstanding lease, was turned back to the vendor, whom the lessor sued for possession under the lease. *Held*, that, if the conveyance by defendant was of the absolute title, he would be estopped to contest the lease, except so far as the lessee might himself have contested it.

Error to Calhoun; Smith, J. Submitted April 5, 1899. Decided June 19, 1899

Summary proceedings by the Michigan Central Railroad Company against George A. Bullard to recover the possession of real estate. From a judgment for complainant on verdict directed by the court, defendant brings error. Reversed.

*Jesse M. Hatch* ( *H. E. Winsor*, of counsel), for appellant.

*Hulbert & Mechem*, for appellee.

MONTGOMERY, J. This is a summary proceeding to

recover possession of a parcel of land in the city of Marshall. The circuit judge directed a verdict for complainant, and defendant brings error.

The property in question is a portion of what complainant claims as its right of way or depot grounds. The complainant introduced a lease of the premises to defendant, and showed that he had failed to surrender the premises according to its terms of rental. The defendant then sought to show that he was himself the owner of the premises, and had been for many years before the lease was executed, and was in possession when he received the lease from complainant. It appeared that in 1891 defendant conveyed the land adjoining (and, it is claimed by defendant, the land in question) to the National City Bank of Marshall, and that a similar lease to that made by the defendant was executed by the receiver of the bank; that, before executing the lease, the receiver advised with defendant, who stated his understanding that the building of defendant extended over the line, and that a corner of the building was on railroad ground, and advised the receiver to sign the lease. This lease was not under seal. The land was turned back to defendant, with the lease outstanding, and the lease was turned over to defendant. The record does not show very clearly what the nature of the holding of the receiver of the bank was, as against the defendant, although it is inferable that the defendant still retained an interest in the land, and that reliance was placed on him by the receiver in determining whether to accept the first lease, and that, if he was mistaken as to the line between his property and that of the company, the receiver was likewise mistaken. The defendant offered to show that he owned, and had for 15 years owned and occupied, the land in question, and that the lease was made under a mistake of fact as to his ownership. This testimony was excluded.

A number of questions are raised,—among others, the right of the company to lease any portion of its right of

way. The lease in question was made subject to termination on 60 days' notice, and was made to a manufacturing company with a view to affording facilities for furnishing freight to the company. Such a lease is not invalid. *Grand Trunk R. Co.* v. *Richardson*, 91 U. S. 454; *Illinois Central R. Co.* v. *Wathen*, 17 Ill. App. 582; *Gurney* v. *Elevator Co.*, 63 Minn. 70; *Roby* v. *Railroad Co.*, 142 N. Y. 176.

The important question is whether the defendant was in position to raise the question of title; for, if he was, the circuit judge was in error in his ruling, and the remedy is in ejectment. If the possession of the defendant had been uninterrupted, his offer of proof would have indicated that he was prepared to show—*First*, that he had title to the premises in question; *second*, that he took the lease in question under a mistake of fact; *third*, that he did not derive possession from the complainant. An estoppel of the tenant arises out of indentures under seal, or from possession given, whereby an advantage is derived by the tenant from the act of the landlord. But where one in possession agrees by parol, or by an instrument not under seal, to rent, there is no just ground for denying the right of such tenant to show that the agreement was made under a mistake of fact, that the title to the property was in himself, and the lease therefore without consideration. *Fuller* v. *Sweet*, 30 Mich. 237 (18 Am. Rep. 122); 2 Tayl. Landl. & Ten. § 707, and cases cited in note.

It is claimed by complainant that defendant derived his possession from the receiver of the bank, who held under a lease from complainant, and that it was in fact deriving possession from complainant. If the absolute title passed to the bank from defendant, this position of complainant would be unassailable, unless a like mistake was shown by the receiver to relieve him from the apparent estoppel. We cannot determine on this record that the full title passed to the bank; nor are we, in view of the broad offer of the defendant, able to say that he was not prepared to show the same reason for a failure of estoppel by the receiver as applied to himself.

We think the judgment should be reversed, and a new trial ordered.

The other Justices concurred.