MINNIE ANDERSON, Appellant, v. INTERSTATE MANUFACTURING COMPANY.

**Railroads:** RIGHT OF WAY: MISUSE OF SAME.   A railway company owning only an easement in its right of way can not divert the use thereof to any purpose not authorized by its grant; but the mere fact that a manufacturer, having built and used a warehouse thereon chiefly to facilitate shipments over the road owning the right of way, also shipped goods stored in the warehouse over other roads was not a misuse of its easement in the right of way.

*Appeal from Mahaska District Court.*—HON. W. G. CLEMENTS, Judge.

FRIDAY, OCTOBER 20, 1911.

ACTION in equity to abate a nuisance, and to enjoin the defendant from maintaining a building on certain premises.   There was a judgment giving the plaintiff only a part of the relief she asked, and she appeals.   *Affirmed.*

*Bolton & Shangle,* for appellant.

*Burrell & Devitt,* for appellee.

SHERWIN, C. J.—The Chicago, Burlington & Quincy Railway Company owns and operates a right of way easement in the land on which the building in controversy is situated. The plaintiff owns lots which abut said right of· way, and claims to own the fee in the right of way. The defendant manufactures and deals in· furnaces, and leased of the railway company a portion of its right of way for ·the erection of a warehouse in which to store its furnaces; its manufacturing plant being not far therefrom. The lease, among other things, provided as follows: "It is further agreed that the land hereby leased is to be used for the location of a warehouse for storage of furnaces only. It is further agreed that the lessee will give the lessor the preference on all shipments of freight handled by the lessee to or from the town above mentioned when the ·tariff rates to or from common points are as low as those of any other railroad." · The warehouse had been in use a little over a year when this· action was brought to restrain the defendant from continuing its use and asking an order for its removal. The trial court found that as constructed the building threw water onto the plaintiff's premises, which constituted a nuisance, and ordered a change that would obviate that trouble, but found that the defendant had the right to maintain the building. As the plaintiff does not appeal, the only question before us is the correctness of the court's finding against the plaintiff. For the purposes of this case, we shall treat the plaintiff as the owner of the fee in the right of way. She contends that the use of the building is for private purposes only, and that such use can not be maintained under the easement acquired by. the railway company. The plaintiff's brief and argument are very complete, and with the

greater part thereof we can fully agree.   But, as we view this case, the controlling questions are of fact only. · It is well settled that a railway company, owning only an easement in its right of way or depot grounds, may not divert their use to purposes other than those granted by its franchise, or by the statute authorizing the condemnation of the land for railway use.   It is said that "in respect to lands taken by railroad corporations, although the discretion of the directors is unlimited as to the mode and extent of the use or occupation for the purposes for which the corporation is created, yet it is definitely limited by those purposes.   Any use of the land confessedly for other purposes, or not apparently for purposes permitted by its charter, is not protected by its authority."   *Proprietors of Locks and Canals v. Nashua & L. R. Co.,* 104· Mass. 1 (6 Am. Rep. 181); *Pierce v. Boston & L. R. Corp.,* 141 Mass., 481 (6 N. E., 96).

The concrete question before us, then, is whether the use of the building in question for warehouse purposes is under the facts a misuse of the railway company's easement in the land occupied by said building.   As we have said, the defendant's manufacturing plant is situated not far from the building in question and near the line of the Chicago, Burlington & Quincy Railway at this point. During the year immediately preceding the trial below the defendant shipped over ·the Burlington line from this warehouse 750,000 pounds of furnaces, which amounted to over three-fourths of its entire shipments.   The location of the warehouse made the loading of this freight easy, and saved the expense of hauling for the purpose of ·loading.   That the railway company might have built and used a warehouse for such purpose on its grounds under its easement can not be seriously questioned, and, if that be true, we see no reason why the defendant may not legally build and use a warehouse for the same purpose. The principal use to which the building was put was to

facilitate shipments over the road owning the easement, and the mere fact that the defendant stored there some furnaces which were shipped over other roads does not in our judgment constitute a misuse of the easement. If that were so, then a grain buyer, operating an elevator on the right of way, could not sell a load of grain to a neighboring farmer without forfeiting his right to use his elevator for railway shipping purposes. This holding is in accord with the decision in *Heskett v. Wabash, St. Louis & Pacific Ry. Co.*, 61 Iowa, 467, where it was said in speaking of the railroad company: "It may within its location erect buildings required in its business, or allow others to erect them. . . . It may use its location for the purpose of its railroad, and it is itself the judge of the exigency requiring such use." The use of the railway easements in similar cases are sustained in the following, among other, decisions: *Gurney v. Minneapolis Union Elevator Co.*, 63 Minn. 70 (65 N. W. 136, 30 L. R. A. 534); *Roby v. Railroad Co.*, 142 N. Y. 176 (36 N. E. 1053); *Pierce v. Railway Co.*, 141 Mass. 481 (6 N. E. 96); *Railroad Co. v. Richardson*, 91 U. S. 454 (23 L. Ed. 356); *Railroad Co. v. Wathen*, 17 Ill. App. 582; *Michigan Cent. R. Co. v. Bullard*, 120 Mich. 416 (79 N. W. 635).

The judgment of the district court is *affirmed*.