CHARLES E. PERKINS, TRUSTEE, APPELLANT, V. EDWARD POTTS, APPELLEE.

FILED JUNE 15, 1897. No. 9235.

1. **Landlord and Tenant: ADVERSE POSSESSION.** One who takes possession of real estate as the tenant of another cannot hold said real estate adversely to his lessor without first having actually or constructively surrendered the premises to him.

2. ——: ——: **ATTORNMENT.** Where a tenant in possession without his landlord's consent attorns to a third party,—the latter not having acquired the interest of the landlord in the real estate either by grant or operation of law,—the possessory rights of the landlord are not thereby affected as such an attornment is void.

3. **Vendor and Vendee: FORFEITURE OF CONTRACT: RIGHT OF POSSESSION: INJUNCTION.** The vendee of an executory contract for the sale of real estate, by virtue of such contract, entered into possession, made certain improvements upon the premises, and partly performed his contract of purchase. Afterwards the vendee, while in default of the performance of his part of the contract of purchase, leased the premises to a tenant for one year and put him in possession. The vendor, by reason of the default of the vendee, and in pursuance of the provisions of the contract of sale, declared the same forfeited and demanded possession of the premises from the vendee. The possession was not surrendered and thereupon the vendor went upon the premises and induced the tenant, without the vendee's knowledge or consent, to accept a lease from him, the vendor, for said premises. The vendee forcibly entered and removed part of the crops grown by his tenant, and threatened to enter and remove the remainder, and the vendor applied to the district court for a perpetual injunction to restrain the vendee's entrance upon the premises. *Held,* That the application was properly denied.

APPEAL from the district court of Buffalo county. Heard below before SULLIVAN, J. *Affirmed.*

*Warren Pratt,* for appellant.

*Dryden & Main, contra.*

RAGAN, C.

This case is submitted under rule 2, and from the printed abstract we ascertain the following undisputed facts: On the 1st day of November, 1887, the appellant was the owner of a tract of land in Buffalo county, Nebraska, and on said date entered into a written contract with one Killgore, in and by which the appellant agreed to sell and Killgore agreed to purchase said land. Killgore was to pay for said land the sum of $2,240 on the 1st day of November, 1897, and until said date was to pay eight per cent interest annually in advance on said purchase price, such payments due on the 1st day of November each year from the date of the contract until and including the 1st of November, 1896. In pursuance of the contract Killgore entered into possession of the real estate, made some improvements thereon, paid the taxes thereon, and the annual interest payments, including the payment due the 1st of November, 1892. On the 7th of January, 1893, Killgore sold and assigned her interest in the contract to one Hibbs and he made the annual interest payment due the 1st of November, 1893, and paid the taxes on the premises for said year. Default was made by Hibbs in the payment of the 1894 and 1895 taxes, and default in the payment of the annual interest due on the first days of November, 1894 and 1895. On the 10th of December, 1895, Hibbs sold and assigned all his interest in the contract to the appellee. The appellee took possession of the real estate and leased it to a tenant by a lease which expired on the 1st day of March, 1897. The contract between the appellant and Killgore provided that time should be of the essence thereof; that in case

default was made in the payment of any of the annual
interest payments, or in the payment of the taxes prom-
ised to be paid on said land by said Killgore, that the
appellant should have the right to declare the contract
at an end; that all rights of the vendee in said contract
upon such election and declaration of the vendor should
cease; that in case of the termination of said contract by
such election of the vendor all payments which had been
made thereon, and all improvements put upon said prem-
ises, should be retained by the vendor as full compensa-
tion for the use and occupation of the premises by the
vendee, and that in case the vendor should elect and
cancel said contract he might treat the purchaser of the
premises in possession thereof as a tenant holding over.
The contract further provided that no assignment of the
vendee's rights therein should be valid unless such assign-
ment should be endorsed on the contract or permanently
attached thereto and countersigned by the vendor. The
assignment from Killgore to Hibbs was duly endorsed
upon the contract, or at least it was formally ratified
and approved by the vendor. The assignment made by
.Hibbs to appellee does not appear to have been either
endorsed upon the contract or ratified by the appellant.
On the 30th of December, 1895, the appellant declared
the contract forfeited, notified Hibbs of such forfeiture
and demanded of him possession of said premises. On
the 30th of January, 1896, one Knox, the appellee's ten-
ant, was in the actual possession of the premises, holding
under the lease already mentioned from appellee, which
expired by its terms on the 1st day of March, 1897. On
said 30th day of January, 1896, the agent of appellant
went upon the premises and induced Knox to take a lease
of the premises from the appellant for the year 1896.
Appellee had no notice of this transaction between Knox
and appellant until some thirty days after it occurred.
Knox remained upon the premises for the year 1896 and
grew a crop thereon. After part of the crop matured
appellee went upon the premises and removed therefrom

some one hundred and twenty bushels of oats grown thereon; these oats appellant at once replevied. This replevin suit was pending when the present action was begun. Thereupon, in the district court of Buffalo county, this action was brought against the appellee by the appellant, the latter alleging in his petition that he was the owner of the fee and in the possession of the real estate described in said contract already mentioned and the owner of the crops grown thereon in the year 1896, and that the appellee, with force and arms, had entered upon the said premises and removed therefrom the oats already mentioned; that appellant had replevied said oats, and that the replevin action was still pending; that appellee threatened, and would unless restrained by the court, to again enter upon said premises and remove therefrom all the crops grown thereon in the year 1896, and that the appellee was wholly insolvent, and the appellant prayed for a perpetual injunction restraining the appellee from entering upon said premises, interfering with the appellant's possession thereof, or with any of the crops thereon, or crops that might thereafter be grown thereon. On the final hearing the court dismissed the petition for an injunction and from this the plaintiff below appeals.

If the appellant was in the rightful and peaceable possession of the premises at the time appellee entered thereupon and removed therefrom the oats afterwards replevied, then we think the appellant was entitled to the perpetual injunction prayed to restrain the commission of the trespasses threatened by the appellee, since because of the appellee's insolvency the ordinary remedies at law would not have afforded the appellant adequate relief. If the appellant had by force evicted the vendee, or his assignee or grantee, and thus held possession of the premises, we do not think any court would have been justified, on the appellant's application, in granting a perpetual injunction to restrain the vendee of said real estate, his grantee or assignee, from a re-entry. From the evidence

12

already quoted it will be seen that while the appellant, after declaring the forfeiture of the real estate contract, did not by force evict from the premises the vendee of such real estate, his grantee or assignee, yet he induced the tenant of such vendee in the actual possession of the premises to attorn to him, the appellant. Is the appellant, then, in any better position to invoke the aid of the extraordinary remedy by injunction than he would have been in had he evicted the vendee from the premises by force? We think not.

It is elementary law that a tenant cannot question his landlord's title; that he who takes possession of real estate as the tenant of another cannot hold said real estate adversely to his lessor without first having actually or constructively surrendered the premises to him. We know of no exception to this rule. There are cases which hold that a tenant in possession may attorn to the assignee or grantee of the landlord, or to one in whom the estate has become vested by operation of law, such as a sale on execution or decree foreclosing a mortgage or sale under some other judicial proceeding, but these cases are not exceptions to the rule; they are in harmony with it, since the interest of the tenant is carved out of the estate of the landlord, and when that estate passes by grant or operation of law to a third party the tenant, by attorning to such third party, carries out his contract with his original landlord to hold the premises in subordination to the owner of the legal title. The rule is thus stated in *Flanagan v. Pearson*, 61 Tex., 302: "One who receives possession of land from another as his landlord must openly repudiate the tenancy thus begun and give his landlord notice thereof before an attornment by him to a stranger will have the effect to constitute his possession adverse to his original landlord's, and thus make it operate as a disseizin." In *Schultz v. Lindell*, 33 Mo., 172, it was said: "The attornment of a tenant to a stranger is void and does not affect the possession of his landlord." To the same effect see *Merchants Bank of St. Louis v.*

*Clavin,* 60 Mo., 559, and *Daush v. Crane,* 19 S. W. Rep. [Mo.], 61.   In *Bailey v. Moore,* 21 Ill., 165, it was held that a tenant had a right to attorn to one who had acquired his landlord's title, but not to one who had acquired a title hostile to his landlord's, although such title might be the better one.   To the same effect see *Williams v. Vanderbilt,* 34 N. E. Rep. [Ill.], 476.   The doctrine of this court also is that a tenant, by surrendering possession to an adverse party, cannot deprive his landlord of his right to the possession of the leased premises. (*Galligher v. Connell,* 23 Neb., 391; *Mattis v. Robinson,* 1 Neb., 3; *Thrall v. Omaha Hotel Co.,* 5 Neb., 295; *Mosher v. Cole,* 50 Neb., 636, and cases there cited.)

By virtue of the contract of sale for this real estate existing between the appellant and the vendee, the latter's assignee was in possession thereof.   He had not voluntarily surrendered such possession to the appellant, nor had his right to such possession been cut off by a judgment pronounced in any legal proceeding.   If the vendee, after having made default in the performance of his agreements in the contract of purchase, had abandoned the premises and the appellant had forfeited the contract and peaceably re-entered possession we do not doubt but that he would have been entitled to an injunction to restrain the vendee from re-entering, at least until such time as the rights and equities of the parties in the real estate could have been determined.   But that is not this case.   The vendee has never abandoned this real estate and the appellant has not seen fit to resort to any of the ordinary remedies afforded by the law to regain possession of the real estate or to extinguish the interest—if he has any—of the vendee therein.   We think, therefore, that the transaction between the agent of the appellant and the vendee's tenant which resulted in the latter's attorning to the appellant was void and the appellant acquired no rights whatever thereby; that the appellant is in the same position, with reference to the right to the possession of this real estate, that he would

have been in had he, on the vendee's default, entered into possession and forcibly evicted the vendee, in which case he certainly would not have been entitled as a matter of right to call upon the courts to perpetually enjoin the vendee from interfering with the possession. The decree of the district court is right and is

AFFIRMED.