CHARLES E. PERKINS, TRUSTEE, APPELLANT, V. EDWARD POTTS, APPELLEE.

FILED JANUARY 19, 1898.   No. 9235.

Landlord and Tenant: ATTORNMENT TO STRANGER: ADVERSE POSSESSION. The conclusions and decision announced on the former hearing in this cause (52 Neb. 110) approved and followed.

REHEARING of case reported in 52 Neb. 110. *Reaffirmed.*

*Warren Pratt* and *T. M. Stuart,* for appellant.

*Dryden & Main, contra.*

HARRISON, C. J.

This cause was appealed to this court from an adjudication in the district court of Buffalo county of the

matters in controversy and submitted under the pro-
visions of rule 2 (44 Neb. ix), and the judgment of the
district court was affirmed. A motion for a rehearing
was filed and sustained and the case has been again
presented and submitted. The opinion of the court ren-
dered on the former hearing was written by Commis-
sioner RAGAN and is reported in 52 Neb., 110.

It appears that the appellant was, on November 1,
1887, the owner of a tract of land in Buffalo county, this
state, and on said date, by written contract with one
Kilgore, agreed to sell to Kilgore the tract of land. The
land was to be paid for at a date fixed in the contract of
sale at ten years subsequent to the date of the contract,
and it was further provided that there should be annual
payments of interest on the principal sum, the considera-
tion for the sale, from the inception of the agreement to
its fixed termination. It was further of the contract
that the vendee should pay the taxes which might be
assessed against the land. The payments provided for
were to be made according to the terms of the contract;
if not, a forfeiture of the vendee's rights thereunder was
to ensue. There were assignments of the contract by
the vendee and assignees until by assignment the ap-
pellee claimed to be entitled to the benefit of its pro-
visions. January 30, 1896, one Knox was in actual pos-
session of the land as lessee of the appellee, and on said
day an agent of appellant went to the land and induced
Knox to accept a lease thereof from the appellant. Knox
remained on the land and during the farming season
of 1896 raised a crop of grains thereon. After the ma-
turity of at least some of the crops, the appellee took
into his possession and removed from the land 120 bush-
els of oats which had been grown on the land during
that season. To recover these the appellant commenced
an action of replevin, and also this action in the district
court of Buffalo county, stating in the petition in this
that he was the owner in fee of the land and in possession
thereof, also the owner of the crops grown thereon dur-

ing the year 1896, and that appellee had wrongfully entered upon the premises and taken therefrom the grain before mentioned; that it had been replevied and the action of replevin was pending; also that it was threatened by appellee that he would again go upon the premises and take therefrom all crops grown during the year 1896, which threats would be executed unless appellee was restrained; and further that appellee was insolvent. The prayer of the petition was that appellee be perpetually enjoined from entering upon said premises and doing any of the threatened and purposed acts. The district court dismissed the petition. For a more extended statement see the opinion in 52 Neb. 110.

This court in the decision formerly rendered held:

"1. One who takes possession of real estate as the tenant of another cannot hold said real estate adversely to his lessor without first having actually or constructively surrendered the premises to him.

"2. Where a tenant in possession without his landlord's consent attorns to a third party,—the latter not having acquired the interest of the landlord in the real estate either by grant or operation of law,—the possessory rights of the landlord are not thereby affected, as such an attornment is void.

"3. The vendee of an executory contract for the sale of real estate by virtue of such contract entered into possession, made certain improvements upon the premises, and partly performed his contract of purchase. Afterwards the vendee, while in default in the performance of his part of the contract of purchase, leased the premises to a tenant for one year, and put him in possession. The vendor by reason of the default of the vendee, and in pursuance of the provisions of the contract of sale, declared the same forfeited, and demanded possession of the premises from the vendee. The possession was not surrendered, and thereupon the vendor went upon the premises, and induced the tenant, without the vendee's knowledge or consent, to accept a lease from

him (the vendor) for said premises. The vendee forcibly entered and removed part of the crops grown by his tenant, and threatened to enter and remove the remainder, and the vendor applied to the district court for a perpetual injunction to restrain the vendee's entrance upon the premises. Held, that the application was properly denied."

We have carefully re-examined the questions upon the determination of which the appellant's right to institute and successfully maintain this action depends, and are strengthened in the views we before entertained and which were embodied in the opinion heretofore rendered. That the appellant induced Knox, the tenant of appellee in the manner disclosed by the facts herein, to receive a lease of the land he occupied from the appellant, to attorn to him, did not give appellant any greater possession of the premises than he possessed before such act, and did not dispossess the appellee. The possession of the lessee, Knox, remained the possession of his landlord to whom he first attorned, of whom he had received the possession which he had never abandoned or surrendered. Change of possession of lands cannot be so readily and easily effected. Where a tenant disclaims holding under his landlord and attorns to a stranger the attornment is void and does not operate a dispossession of the landlord. (*Blue v. Sayre*, 2 Dana [Ky.] 213; *Rogers v. Boynton*, 57 Ala. 501; *Springs v. Schenck*, 6 S. E. Rep. [N. Car.] 405; Taylor, Landlord & Tenant [7th ed.] sec. 705.) "A tenant cannot repudiate the title of the landlord under whom he originally entered, and claim to hold the premises under another, until he has first surrendered possession to his original landlord. It is not enough that he has abandoned the premises for a time, and afterwards entered under the new title, unless he has given notice of such abandonment to the original landlord." (*Juneman v. Franklin*, 3 S. W. Rep. [Tex.] 562.) As supporting the first portion of the doctrine announced, there is cited: *Rector v. Gibbon*, 4 Sup. Ct. Rep. 606; *Killoren v.*

*Murtaugh,* 5 Atl. Rep. [N. H.] 769, and note; *Pengra v. Munz,* 29 Fed. Rep. 830. Approving and applying the doctrine announced in *Rector v. Gibbon,* see *Goode v. Gaines,* 12 Sup. Ct. Rep. 839. "A tenant cannot defeat the possession of his landlord by merely going out of the house, taking a lease from another, who claims title thereto, and going back professedly under the new lease." Such action did not end the landlord's possession and give the other party of whom the later lease was accepted possession. (*State v. Howell,* 12 S. E. Rep. [N. Car.] 569.) "Where, under a contract for the sale of land, the vendor executes to the vendee the usual bond for titles, and delivers to him the possession of the premises, even if the latter fail to pay the purchase-money at maturity, he may, nevertheless, retain possession, either by himself or his tenant, until such time as he shall be legally evicted therefrom by the vendor; and the tenant who enters under the vendee cannot, without first surrendering his possession to the latter, attorn to the vendor upon any supposed right of the latter, without the consent of the vendee to rescind the contract of sale." (*Broxton v. Ennis,* 22 S. E. Rep. [Ga.] 945.) The further conclusion of the former opinion follows that a resort to action of injunction was not allowable to determine the conflicting claims of the parties to the possession of the premises.

The counsel for appellant in the brief filed in support of the motion for a rehearing requested that certain other questions be at this time decided, though the court might conclude to adhere to the opinion formerly rendered as to the points therein considered. This we would be pleased to do, but their discussion and determination here would scarcely be proper or pertinent since they are not directly involved, and in a contest between the parties in another form of action they might be involved. The decree of the district court is

REAFFIRMED.