# JULIA S. RICE and WILLIAM B. RICE, her husband *v.* JONATHAN SPOONER.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

### SUBMITTED JANUARY 6, 1898. DECIDED FEBRUARY 18, 1898.

### JUDD, C.J., FREAR AND WHITING, JJ.

A breach of a condition subsequent in a deed does not of itself work a forfeiture. The grantor may waive the breach. If he desires to enforce a forfeiture he should ordinarily re-enter, if out of possession. If in possession, his continuing to hold will be equivalent to re-entry provided such continuance is with the intention of enforcing a forfeiture. The presumption, if any, of such intention from the mere fact of possession, is rebuttable, and in this case the finding of a trial judge that such presumption, if it existed, was rebutted by the evidence cannot be disturbed, the evidence not having been brought to this court.

## OPINION OF THE COURT BY FREAR, J.

This is an action of ejectment to recover possession of a portion of the land conveyed October 15, 1884, by the defendant to his daughter, the principal plaintiff, upon condition that she should pay him five dollars a week during his life,—the land conveyed by this deed being a portion of the land covered by Royal Patent 681, situated at Kalihi, Oahu. She claims as grantee under this deed; he claims a forfeiture by reason of breach of the condition. The case was tried jury waived and judgment rendered for the plaintiffs for the land and $1629.72 damages. Defendant brings the case to this court on exceptions.

As found by the trial judge, a breach of condition does not of itself work a forfeiture. It merely gives the grantor the right to enforce a forfeiture. This right he may waive. If he desires to enforce it, a re-entry upon the land is ordinarily necessary in case he is out of possession. If he is already in possession, he cannot make entry, but may enforce a forfeiture by what is deemed equivalent, namely, by continuing in possession with the intention of taking advantage of the breach and enforcing a forfeiture. In the present case the grantor was already in possession of a portion of the land. He had entered and had held possession for at least several years, as admitted, without any intention to take advantage of the breach. But he claims that at some time subsequently he changed his intention and thenceforth continued in possession for the purpose of enforcing a forfeiture. Whether there is a presumption that possession by the grantor is for the purpose of enforcing a forfeiture when there has been a breach or such purpose must be manifested in some way by the grantor is a question which we need not now decide. If there is such a presumption it is rebuttable, and in this case the trial judge found that such presumption, if it existed, was rebutted by the evidence.

The trial judge found substantially as follows: The deed was made in 1884. Plaintiffs afterwards took possession and paid the weekly sums required by the condition until October, 1887,

and continued in possession until July, 1891, when defendant compelled them to leave the portion of the land now in dispute. A few months later, however, plaintiffs let part of this land and collected rent from the tenant for perhaps a year, the tenant being in possession. Defendant then resumed possession. In July, 1896, defendant brought assumpsit for the weekly sums in arrears and in January, 1897, recovered judgment for such sums and interest for six years back, which judgment remains unsatisfied. In May, 1897, the present action of ejectment was brought by plaintiffs for the portion of the land in possession of defendant. Defendant has not at any time since the execution of the deed in any manner or form had possession of or made entry upon the portion of the land not now in dispute. Up to the time of the judgment in the action of assumpsit, as admitted, he had not entered upon or held possession of the portion now in dispute for the purpose of enforcing a forfeiture. He took possession of that portion of the premises and held possession thereof up to that time "solely for the purpose of better securing, as he thought, the payment of the sums then due him, thus recognizing the continued existence of an obligation on the part of the grantee to pay said sums." Since then "nothing has been said or done by him tending in the slightest degree to indicate a change of purpose or intention on his part; and," continues the trial judge, "I believe upon all the evidence and find—defendant's statement at this trial to the contrary notwithstanding—that the character of his possession has not changed, in other words, that he has continued in possession for the same purpose and not with the intention of taking advantage of any breach." In regard to the presumption, if any, that possession is with the intention of enforcing a forfeiture, the judge says: "Assuming, but not deciding, that there is such a legal presumption, I find in this case that it is rebutted by the proof and that defendant must be regarded as having waived the forfeiture if there was any."

The question whether the judge's findings of fact are supported by the evidence is not before us although raised by the

bill of exceptions on its face. For, on account of special circumstances not necessary to be set forth, a stipulation was filed whereby the parties waived any record or transcript of the evidence, accepted the findings of fact by the trial judge as conclusive, and limited the consideration of this court to the single question whether upon those findings there had been a forfeiture. In view of the findings of fact above set forth we cannot find as matter of law that there had been a forfeiture. How far the judge, in making his more general findings of fact, was influenced, if at all, by his view of the law, or how far those more general findings were mere conclusions from his more specific findings or were conclusions from those specific findings and other evidence, we cannot say. We can conceive that the evidence might have been such as to sustain his findings and in the absence of any showing to the contrary we must presume that it was such. We may add that the case was submitted to us on briefs and that we have not had the assistance which oral argument would be likely to give us in a case of this kind.

The trial judge found as matter of law and as an independent ground for his decision that a demand for performance of the condition, namely, payment of the instalments, was a necessary prerequisite to the enforcement of a forfeiture. He found also as matter of fact that no such demand had been made. Whether, in our opinion, the judge's view was correct as to this question of law, we need not say in view of our conclusion above set forth upon the first ground upon which the decision below was based.

The exceptions are overruled.

*Kinney & Ballou* for plaintiffs.

*A. S. Humphreys* for defendant.