## IN MATTER OF ASSIGNMENT OF NATHAN LANDFIELD.

*Opinion filed October 13, 1899—Rehearing denied December 7, 1899.*

1. APPEALS AND ERRORS—*section 90 of Practice act and section 8 of Appellate Court act are in pari materia.* Section 90 of the Practice act and section 8 of the Appellate Court act, which relate to the right of appeal to and from the Appellate Court, are *in pari materia*, and must be construed together.

2. SAME—*when appeal will not lie to Supreme Court.* The Appellate Court's judgment affirming an order of the county court, in voluntary assignment, denying the assignor's petition for an exemption of $400, is final under section 90 of the Practice act, since the amount involved is less than $1000; nor is an appeal therefrom authorized by section 8 of the Appellate Court act, allowing appeals in "all other cases" except in actions *ex contractu* and those sounding in damages which involve less than $1000.

*In Matter of Landfield,* 80 Ill. App. 417, appeal dismissed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

GILBERT & GILBERT, (ROSENTHAL, KURZ & HIRSCHL, of counsel,) for the assignor.

CRATTY, JARVIS & CLEVELAND, for certain creditors.

Mr. JUSTICE CARTER delivered the opinion of the court:

Nathan Landfield, the appellant, made a voluntary assignment of all of his property, except what was exempt by law, for the benefit of his creditors. Afterward he filed his petition in the county court for an order to set aside for him, for such exemption, $400 in the hands of his assignee, of the proceeds of the assigned property. The county court denied the petition, and its final order has been affirmed by the Appellate Court.

The motion of appellees, certain creditors, to dismiss the appeal to this court was reserved to the final hearing. The ground of the motion is, that, the amount in-

volved being less than $1000, no appeal lies to this court from the judgment of the Appellate Court.   As the sum or value in controversy does not exceed $1000 it is plain the appeal cannot be sustained under section 90 of the Practice act.   But appellant contends that it was properly taken under section 8 of the Appellate Court act. The part of that section applicable here is as follows: "In all cases determined in said Appellate Courts in actions *ex contractu* wherein the amount involved is less than one thousand dollars ($1000) exclusive of costs, and in all cases sounding in damages wherein the judgment of the court below is less than one thousand dollars ($1000) exclusive of costs, and the judgment is affirmed or otherwise finally disposed of in the Appellate Court, the judgment, order or decree of the Appellate Court shall be final and no appeal shall lie or writ of error be prosecuted therefrom:   *Provided,* the term *ex contractu,* as used in this section, shall not be construed to include actions involving a penalty.   In all other cases appeals shall lie and writs of error may be prosecuted from the final judgments, orders or decrees of the Appellate Courts to the Supreme Court." (Hurd's Stat. 1897, p. 506.)   Appellant contends that this is not an action *ex contractu,* or one sounding in damages, but a proceeding under the statute in the administration of an insolvent estate in the county court, and that it therefore falls under the clause, "in all other cases appeals shall lie," etc.

Counsel on both sides have contented themselves with mere argument, and left to the court the labor of looking up the decided cases.   We have held in several cases that said section 90, and section 8 of the Appellate Court act, passed in 1877, are *in pari materia* and must be construed together. (*International Bank* v. *Jenkins,* 104 Ill. 143; *Baber* v. *Pittsburg, Cincinnati and St. Louis Railroad Co.* 93 id. 342.)   The amendments which have since been made do not affect the question here at issue.   In *Richards* v. *People ex rel.* 100 Ill. 423, we held that under the

statute an appeal would lie from the Appellate Court to this court from a judgment affirming a decree of a circuit court enjoining the appellant in that case from obstructing a highway; that the case fell within the provisions of the eighth section allowing appeals "in all other cases" than those of the character previously described in the statute, and the appeal was not precluded by section 90. (See, also, *Hyslop* v. *Finch*, 99 Ill. 171.) The case at bar is, however, very different from the *Richards case*, but the question here involved has, in effect, been decided in the *Baber case*, above cited. As there noted, section 90 provides that "in all criminal cases, and in all cases where a franchise or freehold or the validity of a statute is involved, and in all other cases where the sum or value in the controversy shall exceed $1000, exclusive of costs, which shall be heard in any of the Appellate Courts upon errors assigned, if the judgment of the Appellate Court be that the order, judgment or decree of the court below be affirmed, * * * any party to such cause shall be permitted to remove the same to the Supreme Court by appeal or writ of error," etc.; and it was said in that case (p. 346) that section 90 "embraces three distinct classes of cases, namely: (1) criminal cases; (2) all cases which involve a franchise, freehold or the validity of a statute; (3) all cases where the sum or value in the controversy exceeds $1000, exclusive of costs. With respect to the first two classes of cases there can be no controversy or diversity of opinion. * * * The ninetieth section, in defining the third class, is very broad and comprehensive in its terms. Leaving out of view the limitation with respect to value or amount, it includes all cases whatsoever, directly involving property rights, not falling within the second class of that section, without regard to whether the proceeding is at law or in equity, or whether the action is in form *ex contractu* or *ex delicto* or a mere statutory proceeding, and it therefore, of course, includes all cases in actions *ex contractu*, and 'cases sounding in

damages,' specified in the eighth section, subject to the limitation as to amount or value, as above suggested. The ninetieth section being thus general in its terms, and including all cases directly involving property rights, as we have just seen, and having expressly limited the right to an appeal or writ of error to those cases in which the sum or value in controversy *exceeds* $1000, exclusive of costs, it follows the amount therein specified must control all cases whatsoever, except such as may by specific provisions be taken out of the rule therein prescribed."

This case is not, of course, included in either class 1 or class 2, but is one involving property rights, and there is a sum or value in controversy; but as that sum or value is less than $1000 the case does not come within the third class, and no appeal lies to this court. The two sections of the statute being construed together, it is seen that the case is not within the provision of section 8 allowing appeals "in all other cases."

The motion to dismiss the appeal must prevail, and the appeal is dismissed.                *Appeal dismissed.*