*Hatch & Silliman* for plaintiff.

*Kinney, Ballou & McClanahan* for defendant.

---

GULSTAN F. ROPERT, as Trustee, *v.* SOLOMON KAUAI, KUKULI KAUAI and HO HEE.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED OCTOBER 15, 1901.     DECIDED NOVEMBER 5, 1901.

GALBRAITH AND PERRY, JJ., AND F. M. HATCH, ESQ., OF THE

BAR, IN PLACE OF FREAR, C.J., ABSENT.

The acceptance of a lease by the tenant for a part, or the whole, of the demised premises from a stranger is an act inconsistent with his duty to the landlord and is a ground of forfeiture of the estate created by the prior lease. The forfeiture may be waived by the landlord.

If a forfeiture is to be enforced the tenant is entitled to notice. The commencement of an action of ejectment against the stranger and the tenant without causing the tenant to be served with process is not notice to the latter of the intention of the landlord to declare a forfeiture.

OPINION OF THE COURT BY F. M. HATCH, ESQ.

The plaintiff comes to this court on exceptions.   The errors complained of are: (1) the granting of defendants' motion for a non-suit at the close of plaintiff's evidence; (2) the refusal of the trial court to reopen the case for the purpose of

allowing the plaintiff to introduce additional evidence. The ground for the motion for non-suit was the failure of the evidence to show the right of possession of the premises in the plaintiff at the commencement of the action. It is admitted by plaintiff that if the evidence disclosed a valid outstanding lease the motion was properly allowed.

The plaintiff instituted a suit in ejectment in the court below in the month of May, 1899, against the defendants. Ho Hee was not served with process and made no appearance in the suit. The defendants Kauai were served and appeared and defended.

The evidence produced by the plaintiff disclosed the following facts: that in the year 1892 a lease was executed to Ho Hee for the premises in dispute and an additional area for a term of ten years, rent payable semi-annually; that Ho Hee paid rent under this lease up to October, 1899; that in January, 1899, rent was paid to the plaintiff and that in October, 1899, the lease was assigned, whether or not with the consent of the plaintiff does not clearly appear; that in the latter part of the year 1898 defendant Kauai asserted claim to a part of the leased premises and threatened Ho Hee if he did not take a lease from him to execute a lease to Japanese; that Ho Hee accepted a lease from Kauai for a part of the premises claimed by him; that Ho Hee excuses his act in taking this lease by contending that John K. Sumner, his lessor, had refused to give him any assurances that he would protect him against the claims of Kauai; that he, Ho Hee, specifically disclaimed any intention of disputing or denying the plaintiff's title by the acceptance of said lease from Kauai; that he paid rent to both parties and recognized, so far as he could, the title of each and claimed to regard them both as good.

It is contended by the plaintiff that the act of taking the lease by Ho Hee from Kauai was *ipso facto* a forfeiture of his lease from the plaintiff; that this act severed and terminated the relation of landlord and tenant between them and that from that time forward Ho Hee was a trespasser on the premises.

Taking a lease from an adverse claimant by Ho Hee was an act inconsistent with his duty to his landlord and would entitle the landlord to enforce a forfeiture against the tenant for that reason, if the landlord should elect to do so. The law guards jealously the possession which a landlord entrusts to his tenant. It places upon the tenant the absolute unqualified duty of preserving the possession for the landlord. Some cases go to the extent in the landlord's interest of declaring the attornment to a stranger void as against public policy. *Byrne v. Beeson,* 1 Douglas 179 Mich.; *Fuller v. Sweet,* 30 Mich. 237.

"An attornment shall not inure or work to pass any interest to make a bad grant good, nor to give a man a tenancy by disseisin, intrusion or abatement." Shepherd's Touch. 254; *Kurtz v. Cummings,* 24 Penn. St. 35; *Perkins v. Potts,* 73 N. W. 936.

So carefully is this right of possession of the landlord guarded by the law that a tenant is not allowed to dispute the title of his landlord until he has restored the landlord to possession of the premises; and this principle is strictly applied to all who deal with the tenant and obtain possession from or through him during the continuance of the original term. *Fleming v. Mills,* 182 Ill. 264.

The landlord, however, must assert his right to insist upon a forfeiture. The facts in the case at bar easily distinguish it from *Willison v. Watkins,* 3 Peters 43 and *Peyton v. Stith,* 5 Peters 435. In each of these cases the tenant not only attorned to a stranger but refused to pay rent to his landlord and expressly repudiated the tenancy. The positive and express repudiation of the tenancy was the circumstance which in those cases led the court to hold the tenancy to be at an end. In the absence of such a direct repudiation we hold that the attornment to a stranger did not *ipso facto* terminate the lease from Sumner. That act gave the landlord a right of action which he could assert or not at his pleasure.

In *Willison v. Watkins* a quotation is made from Lord Redesdale showing clearly the obligation upon the landlord to

assert forfeiture if he claimed one. Lord Redesdale says: "That the attornment will not affect the right of the lessor so long as he has a right to consider the person holding possession as his tenant. But as he has the power to punish the act of his tenant in disavowing the tenure by proceeding to eject him notwithstanding the lease; if he will not proceed with the forfeiture he has no right to affect the rights of third persons on the ground that the possession was destroyed; and there must be a limitation to this as well as every other demand."

The case on this point comes clearly within the rule laid down by this court in *Rice v. Spooner*, 11 Haw. 331, where it is held that a mere breach of condition does not of itself work a forfeiture. "It merely gives the grantor the right to enforce a forfeiture. This right he may waive." It is not claimed that any act was done in assertion of the right of forfeiture against Ho Hee other than the filing of this suit. As Ho Hee was not served with process and made no appearance this cannot be said to be any notice to him of the plaintiff's intention to claim a forfeiture. The conclusion follows that at the time of the commencement of the suit the lease of 1892 was valid and outstanding and a portion of the term unexpired. The right of possession was not in the plaintiff.

The view we have taken of this case renders the offers of proof made by the plaintiff immaterial.

The exceptions are overruled.

*T. McCants Stewart* and *Holmes & Stanley* for plaintiff.

*Kinney, Ballou & McClanahan* for defendants.