D. S. McNAUGHTON, APPELLEE, V. MARGARET BURKE ET AL.,
APPELLANTS.

FILED FEBRUARY 6, 1902. No. 10,964.

1. **Appeal:** REVIEW BY SUPREME COURT. It is the settled law of this
state that in reviewing the judgments and final orders of the
district courts upon appeal this court will only inquire whether,
upon the pleadings and evidence, the controversy has been
rightly determined.

2. **Conveyance Subject to Mortgage.** "A conveyance of real estate
subject to a mortgage is, in substance, a conveyance of so much
of the property only as is not required for the satisfaction of
the mortgage debt.

3. **Mortgage:** LAND PRIMARY DEBTOR. Land conveyed subject to a
mortgage is in equity, as between the grantor and grantee, the
primary debtor.

4. **Recitals:** ESSENCE OF CONTRACT. When recitals in a deed are of
the essence of the contract, neither party is permitted to deny
them.

APPEAL from the district court for Lincoln county.
Heard below before GRIMES, J. *Affirmed.*

*Wilcox & Halligan* and *Beach I. Hinman,* for appellants.

*Thomas C. Patterson, contra.*

SULLIVAN, J.

This action was brought to foreclose a real estate mort-
gage and resulted in a decree in favor of the plaintiff, D.
S. McNaughton. One of the defendants, the George Burke
Company, a corporation, complains of the decision and
brings the record here for review by appeal. What seems
to us to be the controlling question in the case has not
been much discussed by counsel, but to other matters,
which might be properly considered if the case were here
on error, they have given very careful attention. It has
been held time and again, and must now be regarded as
settled doctrine, that in reviewing the judgments and final

orders of the district courts upon appeal this court will
only inquire whether, upon the facts, as disclosed by the
pleadings and evidence, the controversy has been rightly
determined. *Alling v. Nelson,* 55 Nebr., 161; *National
Life Ins. Co. v. Martin,* 57 Nebr., 350; *Troup v. Horbach,*
57 Nebr., 644; *Zimmerman v. Zimmerman,* 59 Nebr., 80;
*Orr v. Bailey,* 59 Nebr., 128. Under this rule we must, in
considering the case, leave entirely out of view the decis-
ions of the lower court made before and during the trial.
The only question remaining after these matters are elim-
inated is whether the decree subjecting appellant's prop-
erty to the lien of plaintiff's mortgage is warranted by
the established facts. The transactions in which the liti-
gation had its origin are these: The land in question, be-
ing the northeast quarter of the southwest quarter, the
northwest quarter of the southeast quarter and the south
half of the southeast quarter of section 2, township 13
north, range 31 west, in this state, was originally owned
by M. Burke & Sons, a copartnership composed of Mar-
garet, George, Louis, William, John, Peter, Milo and
Charles Burke. This land and other partnership prop-
erty, was, after the firm had ceased to exist, and while its
affairs were being wound up, conveyed by Margaret,
George, Louis and William to John. It seems that Peter,
Milo and Charles had no part in the transaction, at any
rate, they did not join in the deed to John, although it pur-
ported to convey the interests of all the partners. John
borrowed $2,500 of McNaughton and gave him a mortgage
on the land above described as security. This money was,
it seems, used in paying partnership debts. Afterwards,
John sold and conveyed the property to Peter, who, after
obtaining quitclaim deeds from Milo and Charles, sold
and conveyed it to the George Burke Company. The mort-
gage and all the deeds, except those from Milo and
Charles, were in the usual form and contained covenants
of seizin and general warranties except as to incum-
brances. The conveyance by John to Peter, and by Peter to
appellant, was expressly stated to be subject to incum-

brances. From these facts it clearly appears that the plaintiff did not, by the mere execution of the mortgage, obtain a lien upon the interests of Milo and Charles in any part of the partnership property. Still we are well satisfied that the decree is right and that the trial court acted in accordance with the plainest principles of justice in directing those interests to be sold for the satisfaction of the mortgage debt. The effect of the provision in regard to incumbrances contained in the deeds by which the company claims title, is that the land is to be held subject to the mortgage. The contract is for the benefit of the mortgagor and mortgagee, and either is entitled to enforce it. In equity the land is the principal debtor and the mortgagor a mere surety. One who buys land subject to an incumbrance acquires only an equity of redemption; that is, the interest remaining after the incumbrance has been paid. The understanding between the grantor and grantee is that the former reserves for the benefit of the incumbrancer so much of the estate as may be necessary for the satisfaction of the debt. "A conveyance of land subject to a mortgage," says Comstock, C. J., in *Hartley v. Harrison,* 24 N. Y., 170, 175, "is neither more nor less than a simple deed of whatever interest or estate the grantor has after the debt is satisfied out of it." The mortgage was given to secure a note upon which the names of John Burke and M. Burke & Sons appear as makers. Whether this note was a binding obligation of the firm is a disputed question, but it is certain it was to the advantage of the firm to have it paid, and for that reason each of the grantors, instead of inserting in his deed a limited warranty, expressly stipulated that the debt should be a charge upon the whole of the estate granted. In other words, the intention of each was to reserve from the grant and place in the hands of the grantee as a trust fund for the benefit of the mortgagee so much of the property as might be necessary to satisfy the mortgage. It can not be said that the company did not take the interests of Milo and Charles charged with the mortgage. Such a construction of the conveyances by

which it acquired title is not admissible.   The intention of each of the grantors to charge the whole estate—the estate which he professed to own and assumed to convey—is as clear and free from doubt as language can make it.   The land having come to the company burdened with the mortgage, it can not now repudiate its contract to hold subject to the mortgage; it can not claim under the deed and at the same time deny the validity of the clause limiting the interest conveyed; in short, it can not, consistently with equity and good conscience, assert that it is the owner of an interest which it neither bought nor paid for.   *Freeman v. Auld*, 44 N. Y., 50; *Sands v. Church*, 6 N. Y., 347; *Gibson v. Lyon*, 115 U. S., 439; *Hutchinson v. Chicago & N. R. Co.*, 37 Wis., 582; 602; *Maynard v. Moore*, 76 N. Car., 158; *Stow v. Wyse*, 7 Conn., 214; *Orthwein v. Thomas*, 127 Ill., 554; 2 Herman, Estoppel & Res Judicata, 636; 11 Am. & Eng. Ency. Law [2d ed.], 400.

The judgment is right and is

AFFIRMED.