ELIZABETH C. O'NEAL, ADMINISTRATRIX, APPELLEE, V. BELLEVUE IMPROVEMENT COMPANY, APPELLANT, IM-PLEADED WITH AMELIA P. LOWRIE ET AL., APPELLEES.

FILED DECEMBER 21, 1904.   No. 13,668.

1. **Appeal: REVIEW.** It is the settled doctrine of this court that in reviewing a judgment of the district court upon appeal this court will only consider whether or not the pleadings and the evidence are sufficient to justify the judgment of the district court.

2. ———: ———. Upon an examination of the pleadings and the evidence, *held*, that they fully support the judgment of the district court.

APPEAL from the district court for Sarpy county: GEORGE A. DAY, JUDGE.   *Affirmed.*

*Harry Z. Wedgwood,* for appellant.

*William R. Patrick, contra.*

LETTON, C.

This is an appeal from a judgment of the district court for Sarpy county, quieting title in the appellee to certain lots in the village of Bellevue. The action was brought by Elizabeth C. O'Neal, administratrix, as plaintiff, against the appellant and others as defendants. Before the trial a petition in intervention was filed by the appellees, to which answers were filed by the appellant. A demurrer to the plaintiff's petition was sustained, and the cause was tried upon the issues raised by the petition in intervention and the answers thereto. A number of errors in the proceedings leading up to the trial have been urged as grounds for reversal by appellant, but it is the settled doctrine of this court that, in reviewing a judgment of the district court upon appeal, this court will only consider whether or not the facts as shown by the pleadings and the evidence are sufficient to justify the judgment of the district court. *McNaughton v. Burke,* 63 Neb. 704, and cases cited. The

petition in intervention alleges substantially that the interveners are the only heirs of Hugh M. O'Neal, deceased; that at the time of his death he was the owner in fee simple of the real estate in controversy; that he entered into the possession of the same in 1889, and was in the open, notorious, continuous, exclusive and adverse possession thereof, claiming title thereto, from that time until the time of his death in February, 1900. The petition further sets out that the appellants each claim some title or interest in the premises by virtue of certain tax deeds and other conveyances described therein, and alleges that each and all of said deeds are void, and that they constitute clouds upon the intereveners' title.

The petition states sufficient facts to constitute a cause of action in *quia timet*. The testimony offered on the part of the interveners fully supports the allegations of the petition. No evidence was offered on behalf of appellant.

We are of the opinion that the petition and the evidence fully support the judgment of the district court, and we recommend that it be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.