EVERETT SATTERFIELD, APPELLANT, V. EARL PETERSON ET
AL., APPELLEES.
114 N. W. 2d 376

Filed April 6, 1962. No. 35142.

*E. L. Vogeltanz,* for appellant.

*Miles N. Lee,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER,
BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an appeal in an action to quiet title to a tract
of land in Loup County, Nebraska. In 1924, W. C.
Heeter, who owned the land at that time, mortgaged the
land to John H. Holcombe. Holcombe assigned his
mortgage to the Merchants Mutual Burglary Insurance
Company. Heeter later conveyed the land to William
Heider subject to the mortgage.

In 1929 the Merchants Mutual Burglary Insurance
Company foreclosed the mortgage. Heider was the

record title owner of the land but was not made a party to the foreclosure action. At the sheriff's sale the land was purchased by the Merchants Mutual Burglary Insurance Company. The sheriff's deed was recorded February 28, 1931.

The Lincoln Bonding and Insurance Company is the successor to the Merchants Mutual Burglary Insurance Company. In 1950 the bonding company entered into a contract to sell the land to Earl Peterson.

On January 3, 1951, Heider and his wife conveyed the land by quit claim deed to Everett Satterfield. On January 19, 1951, Heider conveyed the land a second time by quit claim deed to the bonding company which recorded the deed on January 24, 1951. Satterfield recorded his deed on February 2, 1951.

This action was brought by Satterfield, the appellant, against Earl Peterson and Ethel B. Peterson, his wife, the Lincoln Bonding and Insurance Company, and Clarence Bain, the appellees. Bain formerly occupied the land as a tenant and has made no appearance or defense to the action.

The district court found generally for the defendants; that the bonding company and the Petersons, and their predecessors in title, had been in adverse possession of the land since 1930; and that the deed from Heider to the plaintiff conveyed no right or claim of title. Title to the land was quieted in the bonding company subject only to the interest of the Petersons as purchasers. The plaintiff's motion for new trial was overruled and he has appealed.

The assignments of error are that the findings and judgment of the district court are contrary to the evidence and contrary to law. The action is tried de novo in this court.

The plaintiff's theory of the case, as disclosed by the amended petition, is that Heider was the owner and in possession of the land at the time he executed and delivered a quit claim deed to the plaintiff; that the bond-

ing company had notice of the plaintiff's deed and, therefore, was not a subsequent purchaser in good faith without notice; and that the subsequent quit claim deed to the bonding company was a cloud on the plaintiff's title. The defendants' theory of the case, as disclosed by the amended answers and cross-petitions, is that the bonding company acquired title to the land through the sheriff's deed; that the bonding company was in adverse possession of the land through Bain until 1950; and that Peterson as a purchaser from the bonding company has been in adverse possession of the land since 1950.

The record shows that the land involved in this action is adjacent to land owned by Clarence Bain. In 1932 Bain fenced the land involved in this action so that it was enclosed with other land which he used for pasture. Bain did not use the land for several years after that, but used it again in 1936 and later years until 1957. In 1950 Bain paid $50 to the bonding company as rent for the land for 2 years. In 1951 Bain paid rent to both Peterson and the plaintiff. From 1952 through 1956 Bain paid rent to Peterson. Bain testified that he thought he had paid rent to the bonding company before 1950, and that he never claimed that he owned the land. There is some evidence that Bain paid rent to the bonding company in 1947. In 1950 Bain entered into a contract to purchase the land from the bonding company. Later the contract was rescinded because Bain would not accept the title of the bonding company.

In December 1950, Earl Peterson entered into a contract to purchase the land from the bonding company. Peterson rented the land to Bain until 1957. In 1957 the fence was changed so that the land is now enclosed with other land used by Peterson for pasture. Since 1957 the land has been used by Peterson.

The record further shows that in 1940 a predecessor of the bonding company sent a representative to Loup County and tried to sell the land; that in 1947 and 1948 the bonding company corresponded with and inquired

concerning prospective purchasers for the land; that the bonding company and its predecessors included the land as an asset of the company in the reports filed with the Department of Insurance from 1931 through 1955; that the taxes from 1930 through 1949 were paid by the bonding company or its predecessors; and that the taxes from 1951 through 1960 were paid by Peterson except for the years 1956 through 1958 which were paid by the plaintiff.

The evidence is undisputed that Heider was never in possession of the land. Heider and his wife testified by deposition that they are residents of Thayer County, Nebraska; that they have never been in Loup County, Nebraska; that Heider never took possession of the land through anyone; that he had no tenants on the land and never received any rent from anyone; and that he knew there was a mortgage on the land but that he never paid any interest or taxes and did not know whether the taxes were paid. Neither Heider nor anyone in his behalf ever exercised any act of ownership over the land.

The plaintiff was familiar with the facts concerning the title to the land at the time he obtained the deed from Heider for $25. The plaintiff was county clerk of Loup County, Nebraska, in 1929 when the mortgage was foreclosed. As ex officio clerk of the district court, he filed the petition and other pleadings, issued the summons and order of sale, notarized the proofs of publication, and took the acknowledgment of the sheriff on the sheriff's deed.

In November 1950, the plaintiff stopped at the office of the bonding company in Lincoln, Nebraska, and inquired whether the land was for sale. Several days later the president of the bonding company wrote to the plaintiff stating that the company had entered into a contract of sale of the land; that the purchaser had raised some objections to the title; that they were trying to locate William Heider; and that they would appreciate any help the plaintiff could give. The plaintiff then

replied stating that if the price was not too high, he could handle the land without reference to Heider. Several days later the president of the bonding company called the plaintiff and attempted to sell him the land for $1,500. The plaintiff said that he would let them know within a couple of days. The plaintiff then examined the title records, contacted Heider, and obtained the quit claim deed.

The fundamental weakness in the plaintiff's case is that he has no claim to the land except through Heider. The land was conveyed to Heider subject to the mortgage which was later foreclosed. Thus, Heider acquired only an equity of redemption, the interest remaining after the mortgage was paid. McNaughton v. Burke, 63 Neb. 704, 89 N. W. 274. This was the only interest Heider could convey and it was the only interest that the plaintiff could obtain from Heider.

A mortgagor may not attack the title acquired through void foreclosure proceedings unless he offers to pay the amount of the indebtedness secured by the mortgage. Campbell v. Ohio National Life Ins. Co., 161 Neb. 653, 74 N. W. 2d 546. In the absence of an offer to redeem, the plaintiff has no affirmative right to relief. The trial court properly dismissed his petition.

The remaining question is whether the bonding company and Peterson are entitled to affirmative relief upon their cross-petitions. The cross-petitions prayed that title to the land be quieted in the bonding company as against the plaintiff subject only to the interest of Peterson as purchaser.

An action to redeem from the lien of a mortgage accrues to the mortgagor when the mortgagee takes possession of the premises after default in payment and must be brought within 10 years from the date of such possession. Clark v. Hannafeldt, 79 Neb. 566, 113 N. W. 135.

The evidence is that Bain occupied the land from 1932 until 1957, and that Peterson has occupied the

land since 1957. Bain never claimed to own the land and he was not a tenant of Heider. The bonding company and its predecessors recorded the sheriff's deed and paid the taxes. Although the evidence is somewhat incomplete as to the early years, we believe that it establishes that the bonding company and its predecessors were in possession of the land from 1931 until 1950 and that Peterson has been in possession since 1950.

The only evidence to the contrary is the testimony of the plaintiff that he went to the land in 1951 and found it vacant; and that he collected rent from Bain in 1951. This is not sufficient to overcome the other evidence. By 1951 the statutory period in which an action to redeem might have been brought had expired. The lease from the plaintiff to Bain included other land, was not recorded, and there is no evidence that Peterson ever knew about the lease. The general rule is that an unauthorized attornment by a tenant to a third person is void and does not affect the possession of the landlord. Perkins v. Potts, 52 Neb. 110, 71 N. W. 1017, affirmed on rehearing, 53 Neb. 444, 73 N. W. 936. See, also, Kimble v. Willey, 204 F. 2d 238, 38 A. L. R. 2d 814.

The cases cited by the plaintiff, such as Butler v. Smith, 84 Neb. 78, 120 N. W. 1106, 28 L. R. A. N. S. 436, which hold that the possession of unimproved and unoccupied land is presumed to be in the holder of the legal title are not applicable to the facts in this case. The land involved in this case has been enclosed since 1932 and used for the purpose for which it is by its nature adapted.

The judgment of the district court quieting title to the land in the bonding company subject to the interests of the Petersons as purchasers is correct and is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.